## UNITED STATES  DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

| | |
|---|---|
| SYNTHIA ANN MAYER, n/k/a )<br>SYNTHIA ANN HUFF, )<br> )<br>       Plaintiff, )<br>  v. )<br> )<br>ROBERT T.  HAWKINS, et al., )<br> )<br>       Defendants. ) | Case No.  09-2138 |

# REPORT AND RECOMMENDATION

In April 2009, Plaintiff Synthia Ann Mayer filed a Motion To Adjudicate Subrogation Lien in the Circuit Court of Vermilion County, Illinois, against Defendants Robert Hawkins, United Healthcare Insurance Company, and Ingenix Subrogation Services.  In May 2009, Defendants United Healthcare Insurance Company and Ingenix Subrogation Services removed the case to the United States District Court for the Southern District of Illinois.  (Notice of Removal, #2.)  The same day, those Defendants filed a Motion To Transfer Case to the district court for the Central District of Illinois (#6).  In June 2009, Judge G. Patrick Murphy filed an Order (#10) granting the motion to transfer.

In June 2009, Plaintiff filed a Motion For Remand (#15).  In July 2009, Defendants United Healthcare Insurance Company and Ingenix Subrogation Services filed a Memorandum in Opposition to Plaintiff's Motion For Remand (#19).  After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Plaintiff's Motion For Remand **(#15)** be **GRANTED**.

### I.  Background

The following background is taken from Plaintiff's motion to adjudicate lien.  On October 24, 2004, Defendant Hawkins was driving his car and struck Plaintiff's car.  Plaintiff had the right of way.

Prior to the accident, Plaintiff had experienced back and leg pain beginning in 1995 and was eventually diagnosed with L5-S1 spondylolisthesis and foraminal stenosis.  In May 2004, Dr. Eric Potts of the Indianapolis Neurosurgical Group (hereinafter "ING"), performed an L5-S1 interbody fusion on Plaintiff, which alleviated the pain to some degree.  Following the surgery, Plaintiff did not return to ING for treatment until May 2005.

At the time of the collision and up to June 30, 2006, Care First Blue Cross/Blue Shield (hereinafter "Care First") insured Plaintiff.  Beginning in July 1, 2006, United Healthcare provided Plaintiff's health insurance.  Between the date of the accident and the date Plaintiff filed her motion to adjudicate lien, Plaintiff incurred medical expenses related to her back condition.  She has received insurance benefits from Care First and United Healthcare.

Care First and United Healthcare both assert liens against Plaintiff's settlement recovery.  Plaintiff alleges that neither United Healthcare nor Ingenix Subrogation Services are entitled to liens against any recovery Plaintiff received because none of the medical care and treatment she received after she became insured by United Healthcare resulted from injuries she suffered as a result of her collision with Hawkins.

The following information is taken from Defendants' Notice of Removal.  Defendants state that the motion to adjudicate seeks adjudication of Plaintiff's right to benefits and/or Defendants' rights to recoup those benefits under a welfare benefit plan (hereinafter "the Plan") sponsored by Rotech Healthcare Inc.  The Plan is an employee welfare benefit plan within the meaning of Section 3(1) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA").  29 U.S.C. § 1002(1).  United Healthcare and Ingenix Subrogation Services are in part responsible for administering the Plan and are fiduciaries of the Plan within the meaning of Section 3(21)(A) of ERISA.  29 U.S.C. § 1002(21)(A).  Defendants allege that Plaintiff is obligated under the terms of the Plan to return the benefits she previously received from the proceeds of her tort recovery.

## II.  Standard

On a motion to remand, the question before the Court is its authority to hear a case pursuant to the removal statute (28 U.S.C. § 1441).  A defendant may remove to federal court any action that could have been originally filed in federal court.  *Id.*  The party seeking removal bears the burden of establishing federal jurisdiction.  *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 366 (7th Cir. 1993).  Where subject matter jurisdiction is at issue, the party invoking jurisdiction bears the burden of supporting the allegations of jurisdictional facts with competent proof.  *McCulley v. United States Dep't of Veterans Affairs*, 851 F. Supp. 1271, 1276 (E.D. Wis. 1994).  A party may file a motion to remand a case for improper removal based on lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).  Courts presume that a plaintiff's choice of forum is proper and valid and resolve all doubts regarding jurisdiction in favor of remand.  *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

## III.  Discussion

Defendants' notice of removal alleges that Plaintiff's state law claims have been completely preempted by Section 514 of ERISA (29 U.S.C. § 1144, stating that "the provisions of this subchapter . . . shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan.").  Alternatively, Defendants' notice of removal also states that Plaintiff's claim against the removing Defendants arises exclusively under Section 502(a)(1)(B) (29 U.S.C. § 1432 (a)(1)(B)).

### A.  Federal Subject Matter Jurisdiction under ERISA

The well-pleaded complaint rule provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint and this rule determines the presence or absence of federal-question jurisdiction.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The well-pleaded complaint rule makes the plaintiff the master of the claim; it also prevents a defendant from controlling the litigation and obtaining a transfer to federal court when the defendant raises a federal question in responsive pleadings.  *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1486 (7th Cir. 1996).

3

An exception to the well-pleaded complaint rule exists where Congress has "completely preempted" a given area of state law. *See Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560-62 (1968). The doctrine of complete preemption provides a narrow exception to the well-pleaded complaint rule. This exception permits a defendant to remove a state law claim to federal court when Congress has so completely preempted a particular area of law that any claim raising issues in that area is effectively recharacterized as a federal question. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). Thus, for purposes of evaluating the propriety of remand, "federal subject matter jurisdiction exists if the complaint concerns an area of law 'completely preempted' by federal law, even if the complaint does not mention a federal basis of jurisdiction." *Jass*, 88 F.3d at 1487.

In the context of ERISA, the Supreme Court has explained that the complete preemption doctrine of federal jurisdiction includes all state actions falling within the scope of Section 502(a) of ERISA. *Metro. Life*, 481 U.S. at 67. A claim is within the scope of Section 502(a) if: (1) the plaintiff is eligible to bring the claim under Section 502(a); (2) the plaintiff's claim is one that can be enforced under Section 502(a); and (3) the plaintiff's claim cannot be resolved without interpretation of an ERISA-governed employee benefit plan. *Id.* When all three factors exist, the state law claims are properly recharacterized as an ERISA claim under Section 502(a). *Jass*, 88 F.3d at 1489-90.

A second federal doctrine, conflict preemption, serves as a defense to a state law action, but it does not confer federal question jurisdiction. *Speciale v. Seybold*, 147 F.3d 612, 615 (7th Cir. 1998). Conflict preemption in the ERISA context is based on Section 514(a) of ERISA (29 U.S.C. § 1144(a)). Conflict preemption under Section 514(a) preempts any state law that may "relate to" an ERISA plan, but it does not constitute a basis for removal jurisdiction. *Jass*, 88 F.3d at 1487. Because the Court's consideration is limited to the question of whether it has federal subject matter jurisdiction, the issue of whether the state law claim is subject to the defense of conflict preemption is not before the Court.

4

## B. The Parties' Arguments

Defendants' notice of removal states that Plaintiff's state law claim has been completely preempted by Section 514 of ERISA (29 U.S.C. § 1144). As noted above, Section 514(a) provides the basis for conflict preemption in the ERISA context. However, conflict preemption does not confer federal question jurisdiction. *Speciale*, 147 F.3d at 615. Therefore, Defendant cannot rely on Section 514 as a basis for federal subject matter jurisdiction. However, Defendants' notice of removal also alleges that Plaintiff's claim against removing Defendants arises exclusively under Section 502(a)(1)(B) (29 U.S.C. § 1432 (a)(1)(B)).

In her motion for remand, Plaintiff argues that the Court lacks subject matter jurisdiction over her claim because her claim does not arise under ERISA. Specifically, Plaintiff contends that she has not challenged the legality of the Plan in any way, nor does she assert any claims whose resolution requires interpretation of the ERISA Plan. Instead, she seeks a determination that none of the health care expenses she incurred after December 31, 2004, were causally related to the collision in which she was injured.

Plaintiff contends that her claim is similar to the claims raised in *Blackburn v. Sundstrand Corp.*, 115 F.3d 493 (7th Cir. 1997), and *Speciale*, 147 F.3d 612. In *Blackburn*, the plaintiffs were injured in an automobile accident and an ERISA-covered health plan provider paid for their medical care. *Blackburn,* 115 F.3d at 495. The plaintiffs susequently filed a suit against the tortfeasor and obtained a settlement, but the healthcare provider placed a lien on the settlement pursuant to a subrogation clause. *Id.* The plaintiffs' lawyer also claimed a portion of the funds, so the plaintiffs filed a petition to apportion the fund in state court. *Id.* The district court held that it had federal subject matter jurisdiction and denied the plaintiffs' motion to remand. The Seventh Circuit court reversed that decision, stating as follows:

> [T]he civil action was the tort suit by the Blackburns against the other driver, which assuredly did not arise under the Constitution, treaties, or laws of the United States.  Not even the most expansive reading of ERISA covers motor vehicle collisions, just because part of the recovery may inure to the benefit of the plan.  The petition to apportion the fund involved the ancillary jurisdiction of the state court and was part of that original non-removable action.

*Id*. at 494.

The facts in *Speciale* are almost identical to those in *Blackburn*.  Following an automobile accident, an ERISA plan paid the plaintiff's medical bills.  *Speciale,* 147 F.3d at 614.  After the plaintiff obtained a settlement and several parties made claims to the settlement, the plaintiff requested a state court to apportion the fund.  *Id.*  The Seventh Circuit court again reversed the district court's decision denying remand.  *Id.*  This time, the court noted that, although the plaintiff was entitled to bring a claim under Section 502(a), her claim did not fall within the scope of ERISA or require an interpretation of a contract governed by federal law.  As a result, the court stated that the "Speciale's request for apportionment [cannot] be recharacterized as a suit to enforce her rights under the terms of the Plan and cannot be completed preempted under § 502(a)."  *Id*. at 615-16.

Defendants respond that Plaintiff's claim is distinguishable from *Blackburn* and *Speciale* because those cases "only concerned the proper allocation of the settlement funds and didn't involve a challenge to the ERISA plans' right to reimbursement."  (#19, p. 8.)  Defendants contend that Plaintiff in this case seeks more than an allocation of settlement funds based upon state law; instead, she has challenged the Plan's right of recoupment.  In support, Defendant relies on several out-of-circuit cases, including *Levine v. United Healthcare Corp.*, 402 F.3d 156, 162-63 (3rd Cir. 2005), *Singh v. Prudential Health Care Plan*, 335 F.3d 278, 291-92 (4th Cir. 2003), and *Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 (5th Cir. 2003).

In 2004, the Seventh Circuit court distinguished *Arana* and *Singh* from *Speciale* and *Blackburn*, stating that, in both those cases, "it was clear from the face of the complaint that the

6

plaintiffs were challenging the plan's right to subrogation."  *Hart v. Wal-Mart Stores, Inc. Assoc. Health and Welfare Plan*, 360 F.3d 674, 680 (7th Cir. 2004).  Similarly, in *Levine*, the plaintiffs sued certain insurance providers over the "insurer's claimed right of subrogation from an insured's third-party tort recovery."  *Levine*, 402 F.3d at 159 (challenging a state statute that barred health insurance policies from including reimbursement and subrogation clauses).  Thus, in all three cases, the plaintiffs challenged the propriety of reimbursement and/or subrogation clauses in an ERISA plan.

Here, as in *Blackburn* and *Speciale*, Plaintiff is not contesting the insurers' right to subrogation or reimbursement under the Plan, but simply seeks to apportion the settlement fund.  Her claim asks for a determination that none of the relevant health care expenses were caused by the collision that was the subject of the underlying tort claim.  As in *Blackburn*, Plaintiff's claim does not arise under ERISA.  *Blackburn*, 115 F.3d at 494 ("the civil action was the tort suit by the Blackburns against the other driver, which assuredly did not arise under the Constitution, treaties, or laws of the United States").  Accordingly, the Court lacks subject matter jurisdiction over the claim and recommends remanding the case to state court.

Plaintiff has requested attorney fees in connection with his motion for remand.  However, Plaintiff has failed to persuade the Court that an award of attorney fees is appropriate.

### IV.  Summary

For the reasons set forth above, this Court recommends that Plaintiff's Motion For Remand **(#15)** be **GRANTED** and that the case be remanded to the Circuit Court of Vermilion County, Illinois.  The parties are advised that any objection to this recommendation must be filed

in writing with the clerk within ten working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objection on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 16th day of September, 2009.

                                                  _____
                                                        s/ DAVID G. BERNTHAL
                                                        U.S. MAGISTRATE JUDGE